# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KAW DRIVE, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 19-2238-JWL-KGG ) |
| SECURA INSRUANCE, | ) ) |
| Defendants. | ) ) |

## MEMORANDUM & ORDER GRANTING
## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Now before the Court is Defendant's motion seeking a protective order covering the "evaluative materials" contained in its pre-litigation claims file "as the evaluative materials would reveal the mental impressions of Defendant, an insurance company, as well as confidential proprietary information on the handling of claims." (Doc. 14, at 1.) Having reviewed the submissions of the parties, Plaintiff's motion is **GRANTED** for the reasons set forth below.

## BACKGROUND

The motion now before the Court arises from a case alleging breach of contract and breach of the duty of good faith and fair dealing regarding an insurance claim for damages to the roof of a warehouse. (Doc. 15, at 1.) Plaintiff has indicated it will seek the production of Defendant's full pre-litigation insurance

file. (*Id.*, at 3; 18, at 1.) Defendant "maintains that the evaluative materials" contained in the file "are protected by the work product doctrine." (Doc. 15, at 3 (citing **Henry Enterp., Inc. v. Smith**, 225 Kan. 615 (1979).)

> If Defendant is required to produce the full pre-litigation file, Defendant seeks a Protective Order protect the confidentiality of the evaluative materials. Defendant maintains it has good cause to believe that the discovery would involve the disclosure of confidential, propriety, and business information of Defendant, as it would reveal the mental impressions of Defendant's agents revealing the proprietary methods used by Defendant to handle and adjust claims. The materials would also contain Defendant's assessment and opinions of the alleged damages. Defendant maintains that an entry of a blanket protective order will serve the interests of a just, speedy determination of this dispute because the process will alleviate delay in the protection of documents and information. The issue of confidentiality will be resolved by the Court, if necessary, after the documents have been produced to the other parties.

(Doc. 15, at 4.)

## ANALYSIS

I. **Legal Standard**

Rule 26 of the Federal Rules of Civil Procedure states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

> whether the burden or expense of the proposed discovery
> outweighs its likely benefit. Information within this
> scope of discovery need not be admissible in evidence to
> be discoverable.

Fed.R.Civ.P. 26(b)(1). Rule 26 continues that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed.R.Civ.P. 26(b)(3)(A). As such, the requested information must be both nonprivileged and relevant to be discoverable.

Federal Rule of Civil Procedure 26(c) governs protective orders. That Rule provides, in relevant part:

> A party or any person from whom discovery is sought
> may move for a protective order in the court where the
> action is pending.... The motion must include a
> certification that the movant has in good faith conferred
> or attempted to confer with other affected parties in an
> effort to resolve the dispute without court action. The
> court may, for good cause, issue an order to protect a
> party or person from annoyance, embarrassment,
> oppression, or undue burden or expense, including one or
> more of the following:
>
> * * *
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for
> the disclosure or discovery;
>
> * * *

> (D) forbidding inquiry into certain matters, or
> limiting the scope of disclosure or discovery to
> certain matters;
>
> * * *
>
> (G) requiring that a trade secret or other
> confidential research, development, or commercial
> information not be revealed or be revealed only in
> a specified way; …

Fed.R.Civ.P. 26(c)(1).

The party seeking the protective order has the duty to establish "good cause." *Id*.; *see also* **MNM Investments LLC v. HDM, Inc.**, No. 18-1269-EFM-KGG, 2019 WL 4450636, *2 (D. Kan. Sept. 17, 2019) (as to a protective order sought in response to a deposition notice) (citing **Sloan v. Overton**, No. 08–2571–JAR–DJW, 2010 WL 3724873 (D. Kan. Sept. 17, 2010)). To establish "good cause" within the meaning of Rule 26(c), the movant "must clearly define the potential injury to be caused by requested discovery." **Purewave Networks, Inc. v. Stutler Tech. Corp.**, No. 13-2181-EFM-KGG, 2013 WL 6179183, at *1 (D. Kan. Nov. 25, 2013). Further, "the moving party must make 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" **hibu Inc. v. Peck**, No. 16-1055-JTM-TJJ, 2017 WL 2831511, at *2 (D. Kan. June 30, 2017) (citation omitted).

Plaintiff argues that "Defendant's pre-litigation file relating to the investigation and handling of Plaintiff's Claim was made in its ordinary course of

business and was not made in anticipation of litigation. Defendant fails to provide support for any of the elements of the privilege, and also fails to adequately justify its claim that the work-product doctrine applies." (Doc. 18, at 2.) In its reply brief, Defendant clarifies that it "does not seek a Protective Order to prevent the production of evaluative materials compiled before suit was filed" but rather "seeks a Protective Order to protect the confidentiality of the evaluative materials if Defendant produces such materials." (Doc. 20, at 1.) Defendant contends that "[t]he information requested would reveal the mental impressions of Defendant's agents in the investigation and adjustment of the claim, as well as reveal the proprietary methods used by Defendant to handle and adjust claims," thus this proprietary information is suitable for protection from dissemination outside of the litigation." (*Id*.)

The Court agrees with Defendant that a Protective Order covering this information is appropriate. The Court notes that, in the context of Defendant's clarified stance in its reply brief, the Court is not currently ruling on the validity of any work product doctrine or attorney-client privilege objections that Defendant may raise in regard to these documents. The Court is only holding that it is appropriate " to enter a Protective Order if the evaluative materials are ordered to be produced." (*Id*.) Defendant's motion (Doc. 14) is, therefore, **GRANTED**.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (Doc. 14) is **GRANTED** as set forth more fully herein.  The Court will enter the actual Protective Order under separate docket entry.

IT IS SO ORDERED.

Dated this 27th day of November, 2019, at Wichita, Kansas.

                         S/ KENNETH G. GALE
                         HON. KENNETH G. GALE
                         U.S. MAGISTRATE JUDGE