IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAW DRIVE, LLC,                                      )
                                                     )
                              Plaintiff,             )
                                                     )
        v.                                           )        Case No. 19-2238-JWL
                                                     )
SECURA INSURANCE,                                    )
A MUTUAL COMPANY,                                    )
                                                     )
                              Defendant.             )
                                                     )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion to strike certain of plaintiff's witnesses and damage claims (Doc. # 73).  For the reasons set forth below, the Court **denies** the motion.

1.     Witnesses

On September 3, 2019, plaintiff served its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  The scheduling order in this case required such disclosures to be supplemented at least 40 days before the discovery deadline of August 7, 2020.  On June 26, 2020, plaintiff served supplemental Rule 26(a)(1) disclosures, in which they listed new individuals with discoverable information.  Plaintiff did not identify the new individuals by name; instead it named "[e]mployees, agents, representatives, and/or custodians of records" of three specific companies that are tenants of the warehouse at issue in this property insurance dispute, who purportedly have knowledge concerning water damage to

the property.  Subsequently, on August 7, 2020 (the discovery deadline), plaintiff served second supplemental Rule 26(a)(1) disclosures, in which it identified a specific individual by name for the each of the three tenants.  Defendant argues that because plaintiff failed to identify specific individuals by name until after the supplementation deadline, those witnesses should be excluded pursuant to Fed. R. Civ. P. 37(c)(1).

The Court agrees that plaintiff failed to comply with Rule 26 and the scheduling order with respect to the disclosure of these persons with knowledge.  The rule requires the disclosure of the "name . . . of each individual likely to have discoverable information" that may be used to support the disclosing party's claims, *see* Fed. R. Civ. P. 26(a)(1)(A)(i), and the rule's purpose of expediting discovery is not satisfied unless the witness is identified by name.  *See, e.g.*, *Rogers v. Bank of Am., N.A.*, 2014 WL 4681031, at *6 (D. Kan. Sept. 19, 2014) (Rule 26(a)(1) requires identification by name; generic label such as "custodian" or "corporate representative" is insufficient and does not satisfy intent of rule).

Nevertheless, the Court will not exclude these witnesses.  First, defendant has waived this objection.  D. Kan. Rule 37.1(b) provides that an objection to discovery is waived if it is not asserted within 30 days of the default.  *See id.*  The scheduling order reinforced this rule, stating that an objection to a discovery response is waived if not asserted within 30 days.  In its supplemental disclosure served on June 26, plaintiff listed individuals only by generic title, in violation of Rule 26(a)(1), but defendant failed to object or seek to compel further disclosure within 30 days.  Thus, defendant may not now object to the insufficient disclosure.

Second, defendant has not identified any unfair prejudice from the late disclosure of the names of the specific representatives of the tenants.  In its reply brief in support of the motion to strike, defendant notes that discovery has now closed.  That situation, however, is of defendant's own making.  Defendant did not seek relief from the Court after receiving plaintiff's insufficient disclosure; nor did defendant take the simple step of asking plaintiff to name particular individuals from the three tenants.  Moreover, as plaintiff notes, one of its owners, in his deposition in July, named these three individuals as his main contacts with the tenants.  Defendant did not clarify whether those were the individuals with knowledge concerning plaintiff's claims, as listed on the supplemental disclosure from June; nor did defendant seek discovery from those individuals or from the tenants.  Thus, defendant had sufficient opportunity to take discovery from the three individuals.  Defendant was not entitled to allow the discovery deadline to pass in order to claim prejudice, when the matter could have been addressed in time for any prejudice to be cured.[1]  The Court denies the motion to strike the disclosure of the three witnesses.

2.   Damage Claims

Defendant also seeks to strike plaintiff's claims for contract damages and for prejudgment interest, based on the untimely disclosure of the amounts of such claims.  In its two supplemental disclosures, plaintiff listed various damages that it seeks in this case, including actual damages and policy benefits, pre- and post-judgment interest, attorney

---

[1] Moreover, even if defendant could demonstrate an entitlement to discovery from these individuals, such discovery could still be accommodated, thereby curing any possible prejudice, as almost three months remain before the scheduled trial in this case.

fees, costs, and any applicable statutory penalties and interest.  Plaintiff further stated that it sought to recover the cost to repair or replace damages to its property pursuant to the subject insurance policy, and it specifically referenced its experts' reports and depositions with respect to such damages.  In the pretrial order, issued on August 18, 2020, plaintiff has claimed specific amounts of damages.

Defendant argues that the supplemental disclosures did not satisfy Rule 26(a)(1)'s requirement that a "computation of each category of damages" be provided.  *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).  Defendant further argues that because plaintiff did not claim specific amounts of damages in those disclosures, plaintiff's claim could not be considered liquidated, and therefore plaintiff would not be entitled to prejudgment interest.  Defendant thus seeks to strike plaintiff's claims for such damages.

The Court again agrees with defendant that plaintiff's disclosures did not strictly comply with the requirements of Rule 26.  The rule requires a "computation" of damages, which clearly means that particular amounts be claimed if known.

The Court also concludes again, however, that plaintiff's technical violation does not warrant the relief sought by defendant.  Defendant did not object within 30 days of plaintiff's service of its first supplemental disclosure, which contained no computation of specific amounts of damages.  Defendant did file the instant motion within 30 days of plaintiff's second supplemental disclosure, but that disclosure did not contain any supplementation of plaintiff's prior damage disclosure.

Moreover, and most significantly, defendant has not demonstrated any unfair prejudice from the insufficient disclosures before the expiration of the discovery deadline.[2] It does not appear that defendant bothered to ask plaintiff for a more specific statement of damages prior to the discovery deadline. In addition, plaintiff's disclosures essentially incorporated by reference the opinions and calculations of its damages experts, whose reports defendant received and whom defendant had the opportunity to depose during the discovery period. Defendant's reply brief does not address the issue of plaintiff's expert disclosures, and thus defendant has not disputed that it had the relevant information prior to the discovery deadline. Accordingly, defendant has not sufficiently justified its request that the Court strike certain damage claims from the pretrial order, and defendant's motion for such relief is therefore denied.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to strike certain witnesses and damage claims (Doc. # 73) is hereby **denied**.

IT IS SO ORDERED.

---

[2] Defendant has not requested leave to conduct any additional discovery concerning plaintiff's damages; nor has defendant identified any particular discovery of which it was deprived.

[3] The Court will address plaintiff's entitlement to prejudgment interest as necessary after trial. There is no basis to prohibit plaintiff from seeking such interest based on a failure of disclosure. *See In re Universal Serv. Fund Tel. Billing Practices Litig.*, 2009 WL 435111, at *13-15 (D. Kan. Feb. 20, 2009) (Lungstrum, J.) (under Rule 54(b), a plaintiff is entitled to all proper relief, including prejudgment interest, even if such interest was not requested in the pleadings), *aff'd*, 619 F.3d 1188 (10th Cir. 2010).

Dated this 9th day of October, 2020, in Kansas City, Kansas.

_s/ John W. Lungstrum_
John W. Lungstrum
United States District Judge