IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KAW DRIVE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-2238-JWL |
| ) | |
| SECURA INSURANCE, ) | |
| A MUTUAL COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This insurance coverage case comes before the Court on plaintiff's motion to prohibit testimony by Mike Metcalf, defendant's expert witness (Doc. # 75). The motion is **granted in part and denied in part**. Mr. Metcalf may not refer to "damage" to the property in stating his opinions, but his testimony is not otherwise limited.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court instructed that district courts are to perform a "gatekeeping" role concerning the admission of expert testimony. *See id.* at 589-93; *see also Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147-48 (1999). Fed. R. Evid. 702 provides for the admissibility of expert testimony that "will assist the trier of fact to understand the evidence or to determine a fact in issue," so long as the expert is sufficiently qualified and the testimony is sufficiently reliable. *See id.* The rejection of expert testimony is the exception rather than the rule. *See id.* advisory committee notes.

In this action, plaintiff seeks benefits under an insurance policy issued by defendant. Plaintiff contends that a storm during the coverage period caused damage to the roof of its warehouse, the covered property. Mr. Metcalf, a structural engineer, examined the roof, and he has issued reports stating various observations and opinions, including opinions relating to the amount and cause of damage to the roof.

Plaintiff does not challenge Mr. Metcalf's qualifications or the reliability of his opinions. Plaintiff's sole argument is that Mr. Metcalf's opinions concerning damage to the roof are not relevant and thus would not be helpful to the jury. Plaintiff cites testimony that Mr. Metcalf considered only whether the roof suffered any functional damage, and it notes that the policy provided coverage for "physical loss or damage," and thus was not limited to coverage for functional damage. Plaintiff argues that because Mr. Metcalf did not apply a broad enough definition of damage, his opinions would not be helpful to the jury's determination of the scope of damage covered by the policy, and that his testimony would confuse the jury in that determination. Plaintiff notes that in *Great Plains Ventures, Inc. v. Liberty Mutual Fire Insurance Company*, 161 F. Supp. 3d 970 (D. Kan. 2016), a judge in this district ruled that coverage for "physical loss or damage" under the policy in that case was not limited to functional damage and thus included cosmetic damage. *See id.* at 978.

In his reports, Mr. Metcalf referred to another engineer's definition of functional damage to mean a roof's diminished water-shedding capability or life expectancy. In his deposition, Mr. Metcalf was asked whether, in determining damage from the storm as set forth in his reports, he was looking for functional damage according to that definition; Mr.

Metcalf responded in the affirmative. Mr. Metcalf also conceded that functional damage represents a subset of all damage, and that cosmetic, non-functional damage, such as a dent, does constitute physical damage. This testimony does suggest, as plaintiff argues, that when Mr. Metcalf referred to "damage" to the roof (or a lack thereof) in his reports, he meant functional damage. Moreover, in its response to the present motion, defendant has not disputed plaintiff's interpretation that coverage under the instant policy is not limited to functional damage and may include purely cosmetic physical damage. Thus, the Court agrees with plaintiff that any reference by Mr. Metcalf to "damage" to the roof would create a risk of confusion for the jury, whom the Court will instruct concerning the proper scope of coverage under the policy. Mr. Metcalf is thus prohibited from referring specifically in his testimony to "damage" to the roof.

There is no basis to limit Mr. Metcalf's testimony otherwise, however. First, Mr. Metcalf has offered opinions other than those concerning damage to the roof. For instance, Mr. Metcalf intends to testify concerning the weather experienced by the property and the hailstone size necessary to have had a certain impact on the roof. Mr. Metcalf also seeks to rebut opinions by plaintiff's expert. Any such opinions would not cause confusion for the jury concerning the scope of the policy and could be helpful to a determination of the issues in the case.

Second, there is no reason Mr. Metcalf should not be able to testify concerning his observations of the physical condition of the roof and his opinions concerning the causes thereof. Contrary to plaintiff's suggestion, Mr. Metcalf's opinions were not limited solely to functional damage. For instance, he noted physical damage to the roof's HVAC units

without any discussion concerning whether such damage had a functional impact; and he offered opinions concerning whether physical, non-functional damage to granules on the roof were caused by the subject storm.  He also stated that he observed no indentations in the membrane in certain parts of the roof, and such testimony would be relevant to whether and to what extent the roof suffered purely physical impacts from the storm.  Indeed, in his reports, Mr. Metcalf discussed function only with respect to damage underneath the roof membrane, in one exposed section, and defendant has indicated that Mr. Metcalf will not offer any opinion concerning damage to the substrate level of the roof.

Accordingly, plaintiff's motion is denied with respect to its request to strike Mr. Metcalf's testimony in its entirety.  Mr. Metcalf's testimony is limited only to the following extent:  while he may testify concerning his observations of impacts to the roof (and the causes thereof), he may not refer to "damage" to the roof, as such reference could cause confusion for the jury.  Plaintiff's motion is granted only to that extent.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion to prohibit testimony by Mike Metcalf, defendant's expert witness (Doc. # 75), is hereby **granted in part and denied in part**.  Mr. Metcalf may not refer to "damage" to the property in stating his opinions, but his testimony is not otherwise limited.

IT IS SO ORDERED.

Dated this 19th day of October, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

4