IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAW DRIVE, LLC,                              )
                                             )
                        Plaintiff,           )
                                             )
        v.                                   )        Case No. 19-2238-JWL
                                             )
SECURA INSURANCE,                            )
A MUTUAL COMPANY,                            )
                                             )
                        Defendant.           )
                                             )
_____)


## MEMORANDUM AND ORDER

This matter comes before the Court on motions in limine filed by defendant insurer (Doc. # 111) and plaintiff insured (Doc. # 114).  As more fully set forth below, plaintiff's motion is **granted in part and denied in part**; and defendant's motion is **granted in part, denied in part, and retained under advisement in part**.  Defendant shall file a reply brief addressing two issues, as discussed below, on or before **March 18, 2021**.


I.      **Defendant's Motions in Limine**

        Motion 1

        Defendant first argues that plaintiff's claim for costs to make the roof compliant with a particular standard (R-30) fails because the Bonner Springs Building Code does not require that standard for plaintiff's roof, contrary to the assumption of plaintiff's experts. Defendant thus seeks to exclude evidence and statements relating to that claim.  Ordinarily,

the Court would deny this motion summarily.  In making this argument, defendant does not merely seek the exclusion of evidence, but rather it effectively seeks judgment as a matter of law on one of plaintiff's damage claims.  If defendant desired a pretrial ruling to that effect, the issue should have been raised by way of a timely motion for summary judgment.

Nevertheless, because this issue – whether local law requires meeting this building standard – appears to present a pure question of law, the Court deems it most efficient to address the issue now.  Plaintiff argues persuasively that the applicable building code incorporates the standard by reference.  The Court will retain this motion under advisement, however, to give defendant the opportunity in a reply brief either to concede the issue or to explain why the building code does not in fact incorporate the standard by reference.

Defendant also argues that this claim for R-30 compliance fails because the policy only allows for local law coverage if replacement cost (RC) damages are available; plaintiff may not recover RC damages unless plaintiff has actually repaired or replaced the damage to the roof (as the Court ruled at the summary judgment stage); and plaintiff has not effected repair or replacement here.  Again, however, defendant effectively seeks judgment as a matter of law on a particular damage claim, and the Court declines to address the issue (which defends on particular facts) in ruling this motion.  The Court notes, however, that plaintiff seemingly concedes in its response that no repair has occurred yet, and plaintiff will only be permitted to pursue an RC claim at trial for damage that has already been repaired or replaced, in accord with the Court's prior ruling.  The parties may litigate at trial whether any such repair or replacement was done in a timely fashion under the policy.

2

Motion 2

Defendant next argues that plaintiff's expert Carl Martin should not be permitted to opine at trial, as he did in his deposition, that hailstones could have made a particular impact on plaintiff's roof if they had sharp edges, as no such opinion was included in Mr. Martin's report. Plaintiff does not oppose this motion, which is therefore granted as unopposed.

Defendant also more generally argues that no expert witness should be allowed to offer opinions at trial that are not in contained in the expert's report. Because the request is not tied to any other particular opinion, the request is denied without prejudice. Any objection to specific testimony must be raised at trial.

Motion 3

Finally, defendant argues that plaintiff's claim for consequential damages for its public adjuster's contingent fee must fail because such a claim is not supported by authority and because such damages were not contemplated by the parties in executing the contract. Again, defendant is effectively seeking summary judgment, and thus the Court would ordinarily deny the motion in limine summarily. This issue, however, may present an issue of law that could be decided in advance of trial. The Court therefore retains this motion under advisement. Defendant may address plaintiff's arguments – including plaintiff's argument that this defense was waived because of its omission from the pretrial order – in a reply brief.

Defendant also argues that because plaintiff's consequential damage claim fails, evidence of defendant's initial rejection of plaintiff's insurance claim is not relevant and

should be excluded.  Because the Court is not yet ruling on the viability of the consequential

damage claim, it also <u>retains under advisement</u> this request for exclusion of evidence.


II.   **Plaintiff's Motion in Limine**

<u>Generic Requests – Motions 1, 5, 6, 8, 10, 12, 13, 18</u>

In these motions, plaintiff makes generic requests that certain types of evidence be

excluded under the rules of evidence and civil procedure.  Because these requests are not

tied to particular evidence that defendant may offer, the Court <u>denies</u> the motions without

prejudice to plaintiff's asserting objections to specific evidence at trial.

<u>Specific Requests Not Opposed – Motions 2, 4, 7, 11, 14, 15, 16, 17, 19</u>

These motions are directed at more specific evidence.  Defendant states that it does

not intend to offer the specific evidence identified by plaintiff, and it does not oppose

exclusion as long as plaintiff is also prohibited from offering such evidence.  Accordingly,

the Court <u>grants</u> these motions as unopposed, and such evidence may not be offered by

either party.[1]

<u>Motion 3</u>

Plaintiff seeks to exclude evidence of or reference to any insurance claim made by

plaintiff for this property other than the claims at issue in this case relating to a May 2017

hailstorm.  The only specific evidence challenged by plaintiff is evidence of its insurance

---

[1] To be clear, under Motion 4, evidence is excluded only as ruled in the Court's *Daubert* ruling; and under Motion 11, defendant may not refer to any "windfall", but it is not prohibited from arguing that plaintiff is not entitled to recover particular damages.

claims (to a different insurer) for damages to the roof from a May 2019 tornado. Plaintiff argues that evidence of its claims for damage from the 2019 event is not relevant to the issue of the damage caused by the 2017 event. Defendant counters that such evidence is relevant because claims that the tornado necessitated replacement of the roof could contradict plaintiff's claims in this suit that the hailstorm damage requires replacement.

The Court denies this motion for exclusion. The Court cannot conclude at this time that evidence of the 2019 insurance claims could have no relevance here. Such relevance is better judged at the trial as the evidence is presented. Before it introduces evidence relating to an insurance claim based on the 2019 tornado, however, defendant shall give notice of such intent to the Court and to plaintiff, so that plaintiff may have the opportunity to assert an objection as appropriate.

Motion 9

Finally, plaintiff seeks to prohibit any "reference, statement, question, or insinuation regarding the fact that any expert witness designated by Plaintiff is not qualified to testify and give an opinion in this matter." Plaintiff has not provided any reason for such a prohibition. The Court denies this motion. An expert's qualifications are certainly relevant to the weight to be given his or her opinions. Moreover, defendant did not waive any objection to an expert's qualifications by failing to raise the issue in a pretrial *Daubert* motion, and a witness's competency to give expert opinion testimony must always be established at trial before such testimony is given.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motions in limine (Doc. # 111) are hereby **granted in part, denied in part, and retained under advisement in part**, as more fully set forth herein.  Defendant shall file a reply brief addressing two issues, as discussed herein, on or before **March 18, 2021**.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff's motions in limine (Doc. # 114) are hereby **granted in part and denied in part**, as more fully set forth herein.

IT IS SO ORDERED.

Dated this 10th day of March, 2021, in Kansas City, Kansas.

_s/ John W. Lungstrum_
John W. Lungstrum
United States District Judge

6