IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAW DRIVE, LLC,                       )
                                      )
                Plaintiff,            )
                                      )
        v.                            )     Case No. 19-2238-JWL
                                      )
SECURA INSURANCE,                     )
A MUTUAL COMPANY,                     )
                                      )
                Defendant.            )
                                      )
_____)

## **MEMORANDUM AND ORDER**

By Memorandum and Order of March 10, 2021, the Court partially ruled on defendant's motion in limine (Doc. # 111), but it retained the motion under advisement with respect to two issues, on which it requested a reply brief from defendant. Having reviewed that reply brief, the Court now **denies** the motion as it relates to the two remaining issues.

Motion 1

In its reply brief, defendant concedes that the Bonner Springs Building Code would require compliance with the R-30 standard if plaintiff's roof were replaced. Accordingly, the Court denies defendant's request to exclude evidence relating to compliance with that standard.

Defendant again argues that this claim for R-30 compliance fails because plaintiff may not recover replacement cost damages under the policy for a roof that it has not yet

replaced.  In its previous order, the Court declined to address this issue, which depends on particular facts, in the context of a limine motion.  That ruling stands, as does the Court's admonition, in light of the Court's summary judgment ruling, that plaintiff will only be permitted at trial to pursue a claim for replacement cost damages if replacement or repair of the roof has already been effected.

Motion 3

Defendant argues that plaintiff's claim for consequential damages for its public adjuster's contingent fee must fail because such a claim is not supported by authority and because such damages were not contemplated by the parties in executing the contract. Plaintiff argues that defendant has waived this defense by failing to preserve it in the pretrial order.  The Court will not prohibit defendant from asserting this defense, however. This is not an affirmative defense that must be pleaded, and defendant did assert in the pretrial order that plaintiff is not entitled to any damages beyond the policy proceeds already paid.  Moreover, plaintiff has not identified any unfair prejudice from the absence of more specific language in the pretrial order, and the Court perceives no such prejudice, as plaintiff has always been on notice of its burden to prove its entitlement to any consequential damages claimed.

With respect to the merits of this defense, defendant appears to argue that a public adjuster's contingent fee may not be recovered as consequential damages for breach of an insurance contract as a matter of law.  Defendant has not cited any case in which such a claim was denied for that reason, however.  The Court has located two cases addressing the viability of such a claim, but neither case supports defendant's position. In *Kingshill*

*Hospitality, Inc. v. American Economy Insurance Co.*, 2018 WL 6427681 (M.D. Fla. Dec. 5, 2018), the court struck a claim for a public adjuster's fee as consequential damages because the insured had hired the adjuster prior to the insurer's coverage determination and thus the claimed damages did not flow from the alleged breach in denying coverage. *See id.* at *2. The court noted, however, that such damages might have been available if the insured had hired the adjuster after the insurer had refused to settle the insurance claim in good faith. *See id.* Similarly, in *Bonbeck Parker, LLC v. Travelers Indemnity Co. of America*, __ F. Supp. 3d __, 2020 WL 533733 (D. Colo. Feb. 3, 2020), *appeal filed* (10th Cir. May 26, 2020), the court granted summary judgment on the insured's claim for its public adjuster's fee as consequential damages because the adjuster had been hired and provided its services before the alleged breach occurred. *See id.* at *7.

In the present case, plaintiff alleges that it turned to the public adjuster after defendant breached the insurance contract by denying any coverage. Thus, plaintiff has alleged that it incurred the fee as a consequence of the alleged breach, and these cases therefore do not provide a basis for dismissal of the claim. Nor has defendant cited any other authority that supports the argument that an insured cannot recover such damages under any circumstances.

Defendant also argues that plaintiff cannot satisfy the general standard for consequential damages under Kansas law. *See Kansas State Bank v. Overseas Motosport, Inc.*, 222 Kan. 26, 27 (1977) ("the rule is that damages recoverable for breach of contract are limited to those damages which may fairly be considered as arising, in the usual course of things, from the breach itself, or may reasonably be assumed to have been within the

3

contemplation of both parties as the probable result of the breach;" damages must not be too remote).  This argument raises issues of fact concerning causation and the contemplation of the parties, however – indeed, plaintiff has cited evidence that defendant did foresee the involvement of a public adjuster – and the Court therefore declines to consider the argument in the context of a motion in limine, for the reasons stated in the Court's prior order.  Moreover, because plaintiff's consequential damage claim remains for trial, the Court denies defendant's request for the exclusion of evidence of defendant's initial rejection of plaintiff's insurance claim.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion in limine (Doc. # 111) is hereby **denied** with respect to the two remaining issues that the Court retained under advisement.

IT IS SO ORDERED.

Dated this 25th day of March, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge